JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
John D. McGreevey, Jr.

**DEFENDANTS**
Goldman Sachs Bank, USA

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Mitchell Clair
930 Harvest Drive, Suite 160, Blue Bell, PA 19422

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Sec. 1643,1640

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE
DOCKET NUMBER

DATE
11/06/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction:____________________________________

***RELATED CASE IF ANY:*** Case Number:____________________ Judge:______________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

**A.** ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

**B.** ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):________________
☐ 7. Products Liability
☒ 8. All Other Diversity Cases: *(Please specify)* Consumer Credit

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN D. McGREEVEY, JR.<br>346 E. Lancaster Avenue, Suite 215<br>Wynnewood, PA 19096 | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 26-8514 |
| GOLDMAN SACHS BANK USA<br>200 West Street<br>New York, NY 10282 | : | JURY TRIAL DEMANDED |
| Defendant. | : | COMPLAINT |

**PARTIES**

1. Plaintiff John D. McGreevey, Jr. is an adult individual residing at 346 E. Lancaster Avenue, Suite 215, Wynnewood, Montgomery County, Pennsylvania 19096. Plaintiff is 82 years old and retired.

2. Defendant Goldman Sachs Bank USA is a New York State-chartered bank with its principal office at 200 West Street, New York, New York 10282, which issues the Apple Card credit card through its Salt Lake City, Utah branch. Defendant regularly conducts business in this District, including issuing credit cards to consumers residing in this District, mailing periodic statements and notices into this District, and maintaining a payment lockbox in Philadelphia, Pennsylvania.

3. At all relevant times, Defendant was a "creditor" and "card issuer" within the meaning of the Truth in Lending Act, 15 U.S.C. § 1602, and Regulation Z, 12 C.F.R. Part 1026.

4. At all relevant times, Plaintiff was a "cardholder" and "consumer" within the meaning of 15 U.S.C. § 1602, and the Apple Card account at issue was a consumer credit account used for personal, family, or household purposes.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1640(e), and supplemental jurisdiction over Plaintiff's state-law claim under 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, where Plaintiff resides, where the account was opened and maintained, and where Defendant directed its statements, notices, and collection communications.

**FACTUAL ALLEGATIONS**

7. In or about March 2025, Plaintiff opened an Apple Card credit card account issued by Defendant, intending to purchase an Apple computer.

8. Plaintiff decided not to make the purchase. Plaintiff never made a single charge on the account. Not one.

9. Plaintiff thereafter received notice of two charges on the account: a charge of $998.12 dated April 22, 2025 to merchant "Alibaba.Com Singapore," and a charge of $50.00 dated May 17, 2025 to merchant "Bc *uber Cash."

10. Plaintiff did not make, authorize, or benefit from either charge. Plaintiff received no goods or services from either merchant.

11. Plaintiff contacted Uber concerning the $50.00 charge. Uber informed Plaintiff that his Uber account had been accessed by an unauthorized person located in New Mexico. Uber's

own records, which Plaintiff obtained and preserved, show no activity on his account for the week of May 12 through May 19, 2025 — the period including the purported May 17, 2025 charge.

12. Defendant's own representatives likewise informed Plaintiff that his Apple Card account had been accessed by an unauthorized person. Upon learning this, Plaintiff closed the account.

13. Beginning on or about June 24, 2025, Plaintiff disputed both charges with Defendant. By Defendant's own account, Plaintiff disputed the charges continuously from June 24, 2025 through at least March 27, 2026.

14. Plaintiff pursued Defendant's dispute process repeatedly, and Defendant assigned at least the following dispute case numbers, each appearing in Defendant's own written communications:

| **Dispute Case No.** | **Charge** | **Defendant's Document** |
|---|---|---|
| D-18040326 | Alibaba $998.12 | Letter of July 15, 2026 (Ex. 1) |
| D-23597249 | Alibaba $998.12 | Denial notice of May 28, 2026 (Ex. 2) |
| D-24732249 | Alibaba $998.12 | Denial notice of August 21, 2026 (Ex. 3) |
| D-25618663 | Alibaba $998.12 | Re-opening notice of August 23, 2026; final denial of October 16, 2026 (Exs. 4, 5) |
| D-18041362 | Uber $50.00 | Letter of July 15, 2026 (Ex. 1) |
| D-22088835 | Uber $50.00 | Denial notice February 12, 2026 (Ex. 6) |
| D-22869285 | Uber $50.00 | Denial notice of April 13, 2026 (Ex. 7) |
| D-23596642 | Uber $50.00 | Denial notice of May 28, 2026 (Ex. 2) |
| D-25620150 | Uber $50.00 | Final denial of October 16, 2026 (Ex. 5) |

15 Each time, Defendant issued a temporary credit, purported to investigate, and then denied the dispute with the same single sentence: “our records indicate that the transaction was authorized.” Defendant then reversed the temporary credits and re-billed the charges. Defendant issued and reversed temporary credits in this fashion at least three times over seventeen months.

16. Defendant's denials never addressed the evidence: the account's complete absence of any usage by Plaintiff, Uber's confirmation that Plaintiff's account was hacked, Defendant's own representatives' statements that the Apple Card account was compromised, or the police report described below.

17. In writing and by telephone, Plaintiff repeatedly requested that Defendant provide documentary evidence supporting its conclusion that the transactions were "authorized." On or about August 9, 2026, Defendant's representative promised Plaintiff a transcript of his call and supporting evidence within five business days. Defendant never provided it.

18. On or about July 15, 2026, Defendant sent Plaintiff a letter stating it had "enclosed the documentation related to this investigation" while simultaneously stating it was "unable to provide additional details related to our internal fraud protocols." No meaningful documentation of any investigation was provided.

19. On April 27, 2026, Plaintiff reported the unauthorized charges to the Lower Merion Police Department, which issued Incident Report No. 2604270112 classifying the matter as "Compromised Identity." Plaintiff mailed the incident report to Defendant.

20. Plaintiff also filed complaints with the Consumer Financial Protection Bureau (March 29, 2026), the New York State Department of Financial Services (May 21, 2026), and the Pennsylvania Office of Attorney General, Bureau of Consumer Protection (received July 22, 2026).

21. In its April 17, 2026 response to Plaintiff's CFPB complaint, Defendant asserted that Plaintiff "has not provided sufficient evidence that the Uber account was compromised" — inverting the statutory burden, which places on the card issuer the obligation to prove that a disputed use was authorized.

22. In August 2026, Defendant re-opened its investigation and requested that Plaintiff submit evidence by September 3, 2026. Plaintiff, through counsel, timely submitted the police report, the Uber account records, and a detailed statement of the account's zero-usage history.

23. By two notices dated October 16, 2026, Defendant again denied both disputes with the identical boilerplate sentence, announced it would reverse the temporary credits a third time, and re-billed Plaintiff $1,048.12. Neither notice addressed any of the evidence submitted in September 2026.

24. By notice dated May 5, 2026, attached as Exhibit “8”, Defendant advised Plaintiff that his account was five days past due, that his spending privileges had been suspended, that a past-due balance of $25.00 was “due immediately,” and that if payment was not received by the end of the month, the account's past-due status “may be reported to the credit reporting agencies by Goldman Sachs Bank USA.” The entire balance on the account at that time consisted of the re-billed disputed charges and related charges, the two disputed charges being the only charges ever made on the account; the $25.00 past-due amount was derived entirely from them.

25. In October 2024, the Consumer Financial Protection Bureau found that Defendant systematically mishandled Apple Card transaction disputes, including failing to conduct reasonable investigations, and ordered Defendant to pay $19.8 million in consumer redress and a $45 million civil money penalty. Defendant remains subject to that consent order. The conduct alleged in this Complaint is of the same character as the conduct the Bureau found unlawful.

26. As a direct result of Defendant's conduct, Plaintiff has been billed $1,048.12 for charges he never made, had a $21.46 credit balance owed to him effectively confiscated through re-billing, spent seventeen months and countless hours pursuing Defendant's illusory dispute process, and faces the threat of derogatory credit reporting at age 82.

## COUNT I
## TRUTH IN LENDING ACT — UNAUTHORIZED USE
## 15 U.S.C. §§ 1643, 1640

27. Plaintiff incorporates paragraphs 1 through 26 as though fully set forth herein.

28. The charges of $998.12 (April 22, 2025, Alibaba.Com Singapore) and $50.00 (May 17, 2025, Bc *uber Cash) constituted "unauthorized use" of Plaintiff's credit card within the meaning of 15 U.S.C. § 1602(p): use by a person other than the cardholder who lacked actual, implied, or apparent authority, and from which the cardholder received no benefit.

29. Under 15 U.S.C. § 1643(a), a cardholder's maximum liability for unauthorized use is $50, and liability may be imposed only if the statutory conditions are met.

30. Under 15 U.S.C. § 1643(b), the burden of proof is on the card issuer to show that the use was authorized or, if unauthorized, that the conditions of liability have been satisfied.

31. Under 15 U.S.C. § 1643(d), except as expressly provided in § 1643, a cardholder incurs no liability from the unauthorized use of a credit card.

32. Defendant has imposed and continues to impose upon Plaintiff liability of $1,048.12 for unauthorized use — more than twenty times the statutory maximum even as to a single card, and without regard to its burden of proof.

33. Defendant has never produced to Plaintiff, in seventeen months and despite repeated written requests, any evidence that Plaintiff made or authorized either charge. Its sole stated ground — "our records indicate that the transaction was authorized" — is a conclusion, not evidence, and it is contradicted by Defendant's own representatives' statements to Plaintiff that his account was accessed by an unauthorized person, by Uber's confirmation that Plaintiff's Uber account was hacked by a person in New Mexico, by Uber's records showing no account activity during the

week of the purported Uber charge, by the Lower Merion Police Department incident report, and by the account's complete absence of any use by Plaintiff.

34. By imposing and collecting liability for unauthorized use in excess of the limits of § 1643, Defendant failed to comply with the requirements imposed under Part B of the Truth in Lending Act and is liable to Plaintiff under 15 U.S.C. § 1640(a).

35. Plaintiff is entitled to recover actual damages, including the $1,048.12 in unauthorized charges imposed and re-billed, the $21.46 credit balance eliminated through Defendant's re-billing, and interest; statutory damages pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii) of twice the finance charge, with a minimum of $500 and a maximum of $5,000, or such higher amount as the Court deems appropriate in light of Defendant's established pattern or practice of such failures, as alleged in paragraphs 15, 16, 23, and 25; and costs and reasonable attorney's fees pursuant to § 1640(a)(3).

WHEREFORE, Plaintiff demands judgment against Defendant in the amounts set forth in his Prayer for Relief below.

## COUNT II
## FAIR CREDIT BILLING ACT — FAILURE TO INVESTIGATE AND RESOLVE BILLING ERRORS
## 15 U.S.C. § 1666; 12 C.F.R. § 1026.13

36. Plaintiff incorporates paragraphs 1 through 35 as though fully set forth herein.

37. Each of the two charges constituted a "billing error" within the meaning of 15 U.S.C. § 1666(b)(1) and 12 C.F.R. § 1026.13(a)(1): a reflection on a statement of an extension of credit not made to the obligor and not made to a person having actual, implied, or apparent authority to use the obligor's credit card.

38. Plaintiff provided Defendant written notice of the billing errors, including beginning on or about June 24, 2025 — a date within sixty days of Defendant's transmission of the first statement reflecting the charges — and repeatedly thereafter, including by email to

Defendant's dispute address and by letters mailed to Defendant's designated billing-inquiry address. Defendant acknowledged and acted upon Plaintiff's notices, assigning the dispute case numbers set forth in paragraph 14 and issuing temporary credits.

39. Upon receipt of a proper billing-error notice, 15 U.S.C. § 1666(a)(B)(ii) and 12 C.F.R. § 1026.13(c) and (f) required Defendant, before treating any disputed amount as correctly billed, to conduct a reasonable investigation and, if it concluded no billing error occurred, to send Plaintiff a written explanation setting forth the reasons for that conclusion, and, upon Plaintiff's request, to furnish copies of documentary evidence of Plaintiff's indebtedness.

40. Defendant failed to conduct a reasonable investigation of either billing error. A reasonable investigation of an unauthorized-use dispute requires, at minimum, examination of the evidence bearing on whether the cardholder made or authorized the charge. Defendant resolved Plaintiff's disputes at least five times without ever addressing: the account's complete absence of any use by Plaintiff; Defendant's own representatives' statements that Plaintiff's account had been accessed by an unauthorized person; Uber's confirmation that Plaintiff's Uber account was hacked; Uber's records showing no account activity during the week of the purported charge; or the Lower Merion Police Department incident report that Plaintiff mailed to Defendant.

41. Defendant's October 16, 2026 denials — issued after Plaintiff, through counsel, submitted the police report, the Uber records, and the account's zero-usage history in response to Defendant's own request for evidence — recited the identical single sentence as every prior denial and addressed none of the submitted evidence. Repetition of a boilerplate conclusion is not investigation.

42. Defendant failed to provide written explanations setting forth the reasons for its determinations as required by § 1666(a)(B)(ii) and 12 C.F.R. § 1026.13(f)(1). The single sentence

"our records indicate that the transaction was authorized," repeated verbatim across at least five denials over seventeen months, states a conclusion and no reasons.

43. Defendant failed and refused to furnish documentary evidence of Plaintiff's indebtedness despite Plaintiff's repeated requests, in violation of § 1666(a)(B)(ii) and 12 C.F.R. § 1026.13(f)(2), including: requests made in writing and by telephone throughout the dispute period; the request acknowledged by Defendant's representative on or about August 9, 2026, with a promise of production within five business days, never honored; and the request answered by Defendant's July 15, 2026 letter, which asserted that documentation was "enclosed" while simultaneously declining to provide details of its "internal fraud protocols," and which enclosed no documentary evidence that Plaintiff made or authorized either charge.

44. Pursuant to 15 U.S.C. § 1666(e), a creditor that fails to comply with the requirements of § 1666 forfeits any right to collect from the obligor the amount indicated by the obligor as a billing error, and any finance charges thereon, up to the statutory maximum, as to each of the billing errors Plaintiff noticed, regardless of whether a billing error in fact occurred.

45. Defendant's failures to comply with § 1666 and Regulation Z constitute violations of Part B of the Truth in Lending Act, for which Defendant is liable to Plaintiff under 15 U.S.C. § 1640(a) for actual damages, statutory damages, forfeiture under § 1666(e), and costs and reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant in the amounts set forth in his Prayer for Relief below.

**COUNT III**
**FAIR CREDIT BILLING ACT — PROHIBITED CREDIT-REPORTING THREAT**
**15 U.S.C. § 1666a; 12 C.F.R. § 1026.13(d)(2)**

46. Plaintiff incorporates paragraphs 1 through 45 as though fully set forth herein.

47. Under 15 U.S.C. § 1666a(a), after receiving a billing-error notice from an obligor, a creditor or its agent may not directly or indirectly threaten to report adversely on the obligor's credit rating or credit standing because of the obligor's failure to pay the disputed amount, and may not report the amount as delinquent to any third party until the creditor has met the requirements of § 1666 and has thereafter allowed the obligor not less than ten days to pay.

48. Under 12 C.F.R. § 1026.13(d)(2), a creditor or its agent shall not, directly or indirectly, make or threaten to make an adverse report to any person about the consumer's credit standing, or report that an amount or account is delinquent, because the consumer failed to pay a disputed amount or related finance or other charges.

49. Defendant's May 5, 2026 notice (Exhibit "8") — threatening that the account's past-due status "may be reported to the credit reporting agencies" unless Plaintiff paid a past-due balance derived entirely from the disputed charges — was a direct or indirect threat to report adversely on Plaintiff's credit standing because of his failure to pay disputed amounts, in violation of § 1666a(a) and § 1026.13(d)(2).

50. Defendant made that threat after receiving Plaintiff's billing-error notices and without ever having met the requirements of § 1666, as alleged in Count II. Because Defendant never complied with § 1666, its right to treat the disputed amounts as reportable delinquencies never arose.

51. Through at least July 31, 2026, Defendant did not report the account as delinquent to the consumer reporting agencies. The violation alleged in this Count is Defendant's threat itself, which § 1666a(a) and § 1026.13(d)(2) prohibit without regard to whether an adverse report followed.

52. Defendant's violations of § 1666a and Regulation Z constitute failures to comply with requirements imposed under Part D of the Truth in Lending Act, for which Defendant is liable to Plaintiff under 15 U.S.C. § 1640(a) for actual damages, statutory damages pursuant to § 1640(a)(2)(A)(iii), and costs and reasonable attorney's fees pursuant to § 1640(a)(3).

WHEREFORE, Plaintiff demands judgment against Defendant in the amounts set forth in his Prayer for Relief below.

## COUNT IV

## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

## 73 P.S. §§ 201-2(4)(xxi), 201-3, 201-9.2

53. Plaintiff incorporates paragraphs 1 through 52 as though fully set forth herein.

54. Plaintiff purchased services from Defendant — an open-end consumer credit account and the account servicing attending it — primarily for personal, family, or household purposes within the meaning of 73 P.S. § 201-9.2(a).

55. In connection with those services, Defendant engaged in deceptive conduct creating a likelihood of confusion or misunderstanding, in violation of 73 P.S. §§ 201-3 and 201-2(4)(xxi), including through the following affirmative representations:

(a) representing, in each of at least five dispute cycles, that it would investigate and was investigating Plaintiff's disputes, when the purported investigations consisted of nothing more than the issuance of an identical boilerplate conclusion that never addressed the evidence;

(b) representing on or about August 9, 2026, through its representative, that Plaintiff would receive a transcript of his call and the evidence supporting Defendant's position within five business days, which Defendant never provided;

(c) representing in its July 15, 2026 letter that it had "enclosed the documentation related to this investigation," when no documentary evidence supporting its authorization determination was enclosed;

(d) representing in its August 23, 2026 notice that it had re-opened the disputes, would complete its re-investigation by October 31, 2026, and would consider the evidence Plaintiff was asked to submit by September 3, 2026, when its October 16, 2026 denials recited the same boilerplate sentence and addressed none of the submitted evidence; and

(e) issuing a September 2026 periodic statement showing a balance of $0.00, no minimum payment due, and a credit balance of $21.46 in Plaintiff's favor, conveying that the disputes had been resolved in Plaintiff's favor, when Defendant thereafter re-billed the disputed charges a third time.

56. Plaintiff justifiably relied on Defendant's representations. In reliance on Defendant's repeated assurances of investigation and its September 2026 zero-balance statement, Plaintiff continued for seventeen months to pursue Defendant's internal dispute process rather than legal action, repeatedly re-submitted evidence at Defendant's invitation, and reasonably understood in September 2026 that the matter had been resolved in his favor — only to have the charges re-billed in October 2026.

57. As a direct result of Defendant's deceptive conduct, Plaintiff suffered ascertainable loss of money or property, including the $21.46 credit balance owed to Plaintiff and eliminated through Defendant's re-billing of the disputed charges, and the $1,048.12 in charges Defendant imposed and demands from Plaintiff.

58. Pursuant to 73 P.S. § 201-9.2(a), Plaintiff is entitled to recover actual damages or $100, whichever is greater; up to three times his actual damages in the Court's discretion; such additional relief as the Court deems necessary or proper; and costs and reasonable attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendant in the amounts set forth in his Prayer for Relief below.

**COUNT V**
**DECLARATORY JUDGMENT**
**28 U.S.C. §§ 2201, 2202**

59. Plaintiff incorporates paragraphs 1 through 58 as though fully set forth herein.

60. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a). Defendant contends that Plaintiff owes $1,048.12 on the account, has re-billed that amount three times, most recently by its October 16, 2026 notices, demands payment, and has threatened to report the account delinquent. Plaintiff contends that the charges were unauthorized, that his liability is limited by 15 U.S.C. § 1643, and that Defendant forfeited any right to collect the disputed amounts under 15 U.S.C. § 1666(e).

61. Plaintiff is entitled to a declaration that: (a) the April 22, 2025 charge of $998.12 and the May 17, 2025 charge of $50.00 were unauthorized uses of Plaintiff's credit card within the meaning of 15 U.S.C. §§ 1602(p) and 1643; (b) Plaintiff's liability on the account is zero, and in no event may it exceed $50 under 15 U.S.C. § 1643(a) and (d); (c) the amounts Defendant has billed and re-billed, and all interest and fees derived from them, are unenforceable against Plaintiff; and (d) the credit balance of $21.46 is the property of Plaintiff.

62. Pursuant to 28 U.S.C. § 2202, Plaintiff further requests such additional relief as is necessary or proper to effectuate the declaration, including an order directing Defendant to credit the account to zero, to refund the $21.46 credit balance, to cease all collection of the declared-

unenforceable amounts, and to report the account to each consumer reporting agency in a manner consistent with the declaration.

WHEREFORE, Plaintiff demands judgment against Defendant as set forth in his Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John D. McGreevey, Jr. respectfully requests that this Court enter judgment in his favor and against Defendant Goldman Sachs Bank USA as follows:

(a) Actual damages, including the $1,048.12 in unauthorized charges imposed and re-billed to the account, the $21.46 credit balance eliminated through Defendant's re-billing, and all interest and fees derived from the disputed charges;

(b) Statutory damages pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii) of twice the finance charge in connection with the transactions, with a minimum of $500 and a maximum of $5,000, or such higher amount as the Court deems appropriate in light of Defendant's established pattern or practice of such failures;

(c) Forfeiture pursuant to 15 U.S.C. § 1666(e) of Defendant's right to collect the disputed amounts;

(d) Treble damages pursuant to 73 P.S. § 201-9.2(a), in the Court's discretion, of up to three times the actual damages sustained, but not less than $100;

(e) The declaratory relief set forth in Count V, together with further relief pursuant to 28 U.S.C. § 2202 directing Defendant to credit the account to zero, refund the $21.46 credit balance, cease collection, and correct its furnishing to the consumer reporting agencies;

(f) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1640(a)(3) and 73 P.S. § 201-9.2(a);

(g) Pre- and post-judgment interest as permitted by law; and

(h) Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

MITCHELL CLAIR
I.D. No. 49492
LAW OFFICES OF MITCHELL CLAIR
930 Harvest Drive
Suite 160
Blue Bell, PA 19422
(610) 940-5400
mitchell@mitchellclairlaw.com

Dated: Nov 6, 2026

# Exhibit "1"

Card

Goldman Sachs

John McGreevey Jr
346 E Lancaster Avenuei
215
Wynnewood, PA 19096-2226

John McGreevey Jr

We have received your request for evidence related to your dispute. We have enclosed the documentation related to this investigation. We are unable to provide additional details related to our internal fraud protocols.

The details of your closed dispute are below.

| **Disputed Transaction** | |
|---|---|
| **Dispute case number:** | D-18040326 |
| **Transaction date:** | Apr 22, 2025 |
| **Merchant name:** | Alibaba.Com Singapore |
| **Disputed amount:** | $ 998.12 |

**Get in touch with an Apple Card Specialist. Available 24/7.**

Chat with a Specialist using the Wallet app

1-877-255-5923

Card

Goldman Sachs

John McGreevey Jr
346 E Lancaster Avenuei
215
Wynnewood, PA 19096-2226

John McGreevey Jr

We have received your request for evidence related to your dispute. We have enclosed the documentation related to this investigation.

The details of your closed dispute are below.

**Disputed Transaction**

| | |
|---|---|
| **Dispute case number:** | D-18041362 |
| **Transaction date:** | May 17, 2025 |
| **Merchant name:** | Bc *uber Cash |
| **Disputed amount:** | $ 50.00 |

**Get in touch with an Apple Card Specialist. Available 24/7.**

Chat with a Specialist using the Wallet app

1-877-255-5923

Exhibit "2"

4/7 Help John D Home

Compose

Back Move Delete Spam ••• More

Today on AOL

Inbox 468
Unread
Starred
Drafts 60
Sent
Spam
Trash
Less

Views Hide
Contacts
Photos
Documents
Unsubscribe
Receipts
Credits
Travel

Folders Hide
+ New Folder
Saved Mail 70
Abusive Emails
Archive
Facebook 13
Notes
Recovered Mail 25
Recovered Sent Mail
SavedIMs

**Apple**
www.apple.com

Visit site

Outcome of your Apple Card transaction dispute

**Apple Card Support** www.apple.com
no_reply@post-account.applecard.apple
jdmcgreevey@aol.com

Card

Goldman Sachs

**Apple Card Customer:**
John McGreevey Jr, jdmcgreevey@aol.com

Goldman Sachs Bank USA has re-investigated your transaction dispute and found that no billing error occurred for the following reason:

- We've reviewed your dispute and any additional information shared. Following this review, the original decision remains because our records indicate that the transaction was authorized.





FLEXIBLE SPENDING CAPACITY
NO PRESET SPENDING LIMIT

increased by the amount mentioned above. Be sure to pay your minimum payment to keep your account current. If you pay your monthly balance in full every month, you will avoid being charged interest.

The details of your dispute are below.

## Disputed Transaction

| | |
|---|---|
| **Dispute case number:** | D-23597249 |
| **Transaction date:** | Apr 22, 2025 |
| **Merchant name:** | Alibaba.Com Singapore |
| **Disputed amount:** | $998.12 |
| **Amount to be rebilled:** | $998.12 |

If you have questions, please reach out to an Apple Card Specialist.

**Get in touch with an Apple Card Specialist. Available 24/7.**

Chat with a Specialist using the Wallet app

1-877-255-5923

24/7 Help John D Home

Compose

Back Move Delete Spam More

Today on AOL

Inbox 469
Unread
Starred
Drafts 60
Sent
Spam
Trash
Less

Views Hide
Contacts
Photos
Documents
Unsubscribe
Receipts
Credits
Travel

Folders Hide
New Folder
Saved Mail 70
Abusive Emails
Archive
Facebook 13
Notes
Recovered Mail 25
Recovered Sent Mail
SavedIMs

## Disputed Transaction

| | |
|---|---|
| **Dispute case number:** | D-23596642 |
| **Transaction date:** | May 17, 2025 |
| **Merchant name:** | Bc *uber Cash |
| **Disputed amount:** | $50.00 |
| **Amount to be rebilled:** | $50.00 |

If you have questions, please reach out to an Apple Card Specialist.

**Get in touch with an Apple Card Specialist. Available 24/7.**

Chat with a Specialist using the Wallet app

1-877-255-5923

Reply Reply All Forward

Delete

zepbound (tirzepatide) injection A Lilly Medicine

INDICATIONS AND SAFETY SUMMARY WITH WARNINGS

Zepbound® (ZEHP-bownd) is an injectable prescription medicine used with a reduced-calorie diet and increased physical activity to help adults with:

- obesi adults overw also l relate probl

# Exhibit "3"

Card

Goldman Sachs

**Apple Card Customer:**
John McGreevey Jr, jdmcgreevey@aol.com

# Your Apple Card transaction dispute investigation is complete and the merchant charge(s) will remain on your account.

Goldman Sachs Bank USA has re-investigated your transaction dispute and found that no billing error occurred for the following reason:

- We've reviewed your dispute and any additional information shared. Following this review, the original decision remains because our records indicate that the transaction was authorized.

**Dispute Status: Completed (Disputed charge(s) will remain)**

The temporary credit of $998.12, which was applied to your account while your dispute was being re-investigated will be reversed, and will appear as a transaction in the Wallet app and on your next monthly statement.

Your account balance will automatically be increased by the amount mentioned above. Be sure to pay your minimum payment to keep your account current. If you pay your monthly balance in full every month, you will avoid being charged interest.

The details of your dispute are below.

| Disputed Transaction | |
|---|---|
| **Dispute case number:** | D-24732249 |
| **Transaction date:** | Apr 22, 2025 |
| **Merchant name:** | Alibaba.Com Singapore |
| **Disputed amount:** | $998.12 |
| **Amount to be rebilled:** | $998.12 |

If you have questions, please reach out to an Apple Card Specialist.

**Get in touch with an Apple Card Specialist. Available 24/7.**

Chat with a Specialist using the Wallet app

1-877-255-5923

Apple Card is issued by Goldman Sachs Bank USA, Salt Lake City Branch.

Goldman Sachs Bank USA, Salt Lake City Branch, Lockbox 6112, P.O. Box 7247, Philadelphia, PA 19170-6112.

Exhibit “4”

Card Goldman Sachs

**Apple Card Customer:**
John McGreevey Jr, jdmcgreevey@aol.com

# Your transaction dispute is underway.

## Tracking your dispute status

Tracking your dispute is now easier. The bar below will display the progress of your dispute re-investigation and you will receive regular email updates on your dispute's status. We'll also inform you if you need to take any action.

### Dispute Status: Accepted and Re-Opened

Goldman Sachs Bank USA has received your request and re-opened a dispute on your behalf. We will complete our re-investigation no later than Oct 31, 2026 and will contact you if additional information is needed.

## Next steps

No additional action is required from you at this time. We have issued a temporary credit for the disputed amount and for

any interest charges related to the transaction(s). During this time, you will not be required to pay the disputed amount and it will not accrue interest.

The details of your dispute are below.

## Disputed Transaction

| | |
|---|---|
| **Dispute case number:** | D-25618663 |
| **Transaction date:** | Apr 22, 2025 |
| **Merchant name:** | Alibaba.Com Singapore |
| **Disputed amount:** | $998.12 |
| **Temporary credit:** | $998.12 |

If you have questions, please reach out

to an Apple Card Specialist.

**Get in touch with an Apple Card Specialist. Available 24/7.**

Chat with a Specialist using the Wallet app

1-877-255-5923

Apple Card is issued by Goldman Sachs Bank USA, Salt Lake City Branch.

Goldman Sachs Bank USA, Salt Lake City Branch, [illegible] Box 7247, Philadelphia, PA 19170-6112.

# Exhibit "5"

Card

Goldman Sachs

# Notice

**Apple Card Customer:**
John McGreevey Jr, jdmcgreevey@aol.com

Oct 16, 2026

0001401 01 S 0.78 **SNGLP T5 0 6030 19422-197635 -C01-P01402-I

Mitchell Clair
930 Harvest Drive
Suite 160
Blue Bell, PA 19422-1976

Your Apple Card account updates are sent to the email you use as your Apple Account. If you no longer use that email address, you can change it at account.apple.com.

# Your Apple Card transaction dispute investigation is complete and the merchant charge(s) will remain on your account.

Goldman Sachs Bank USA has re-investigated your transaction dispute, and found that no billing error occurred for the following reason:

- We've reviewed your dispute and any additional information shared. Following this review, the original decision remains because our records indicate that the transaction was authorized.

## Dispute Status: Completed (Disputed charge(s) will remain)

The temporary credit of $998.12, which was applied to your account while your dispute was being re-investigated will be reversed, and will appear as a transaction in the Wallet app and on your next monthly statement.

Your account balance will automatically be increased by the amount mentioned above. Be sure to pay your minimum payment to keep your account current. If you pay your monthly balance in full every month, you will avoid being charged interest.

The details of your dispute are below.

## Disputed Transaction Details

| | |
|---|---|
| **Dispute case number** | D-25618663 |
| **Transaction date** | Apr 22, 2025 |
| **Merchant name** | Alibaba.Com Singapore |
| **Disputed amount** | $998.12 |
| **Temporary credit** | $998.12 |

If you have questions, please reach out to an Apple Card Specialist.

**Get in touch with an Apple Card Specialist. Available 24/7.** Chat with a Specialist in the Wallet app 1-877-255-5923

Apple Card is issued by Goldman Sachs Bank USA, Salt Lake City Branch, Lockbox 6112, P.O. Box 7247, Philadelphia, PA 19170-6112.



7101-6030-01-00-0001401-0001-0001631

Card

Goldman Sachs

# Notice

**Apple Card Customer:**
John McGreevey Jr, jdmcgreevey@aol.com

Oct 16, 2026

0001402 01 S 0.78 **SNGLP T5 0 6030 19422-197635 -C01-P01403-I

Mitchell Clair
930 Harvest Drive
Suite 160
Blue Bell, PA 19422-1976

Your Apple Card account updates are sent to the email you use as your Apple Account. If you no longer use that email address, you can change it at account.apple.com.

# Your Apple Card transaction dispute investigation is complete and the merchant charge(s) will remain on your account.

Goldman Sachs Bank USA has re-investigated your transaction dispute, and found that no billing error occurred for the following reason:

- We've reviewed your dispute and any additional information shared. Following this review, the original decision remains because our records indicate that the transaction was authorized.

## Dispute Status: Completed (Disputed charge(s) will remain)

The temporary credit of $50.00, which was applied to your account while your dispute was being re-investigated will be reversed, and will appear as a transaction in the Wallet app and on your next monthly statement.

Your account balance will automatically be increased by the amount mentioned above. Be sure to pay your minimum payment to keep your account current. If you pay your monthly balance in full every month, you will avoid being charged interest.

The details of your dispute are below.

## Disputed Transaction Details

| | |
|---|---|
| **Dispute case number** | D-25620150 |
| **Transaction date** | May 17, 2025 |
| **Merchant name** | Bc *uber Cash |
| **Disputed amount** | $50.00 |
| **Temporary credit** | $50.00 |

If you have questions, please reach out to an Apple Card Specialist.

**Get in touch with an Apple Card Specialist. Available 24/7.** Chat with a Specialist in the Wallet app 1-877-255-5923

# Exhibit "6"

**Subject** Outcome of your Apple Card transaction dispute
**From** Apple Card Support <no_reply@post-account.applecard.apple>
**To:** <jdmcgreevey@aol.com>
**Date** Feb 12 at 8:55 PM

2/12/26

Card

Goldman Sachs

**Apple Card Customer:**
John McGreevey Jr, jdmcgreevey@aol.com

## Your Apple Card transaction dispute investigation is complete and the merchant charge(s) will remain on your account.

Goldman Sachs Bank USA has re-investigated your transaction dispute and found that no billing error occurred for the following reason:

- We've reviewed your dispute and any additional information shared. Following this review, the original decision remains because we are unable to determine that another payment method was used for this purchase.

**Dispute Status: Completed (Disputed charge(s) will remain)**
The temporary credit of $50.00, which was applied to your account while your dispute was being re-investigated will be reversed, and will appear as a transaction in the Wallet app and on your next monthly statement.

# Exhibit "7"

**Subject** Outcome of your Apple Card transaction dispute
**From** Apple Card Support <no_reply@post-account.applecard.apple>
**To:** <jdmcgreevey@aol.com>
**Date** Apr 13 at 10:34 AM

Card                Goldman Sachs

**Apple Card Customer:**
John McGreevey Jr, jdmcgreevey@aol.com

## Your Apple Card transaction dispute investigation is complete and the merchant charge(s) will remain on your account.

Goldman Sachs Bank USA has re-investigated your transaction dispute and found that no billing error occurred for the

following reason:

- We've reviewed your dispute and any additional information shared. Following this review, the original decision remains because our records indicate that the transaction was authorized.

### Dispute Status: Completed (Disputed charge(s) will remain)

The temporary credit of $50.00, which was applied to your account while your dispute was being re-investigated will be reversed, and will appear as a transaction in the Wallet app and on your next monthly statement.

Your account balance will automatically be

increased by the amount mentioned above. Be sure to pay your minimum payment to keep your account current. If you pay your monthly balance in full every month, you will avoid being charged interest.

The details of your dispute are below.

## Disputed Transaction

| | |
|---|---|
| **Dispute case number:** | D-22869285 |
| **Transaction date:** | May 17, 2025 |
| **Merchant name:** | Bc *uber Cash |
| **Disputed amount:** | $50.00 |
| **Amount to be rebilled:** | $50.00 |

If you have questions, please reach out to an Apple Card Specialist.

**Get in touch with an Apple Card Specialist. Available 24/7.**

- Chat with a Specialist using the Wallet app
- 1-877-255-5923

Exhibit “8”

← Back · Move · Delete · Spam · ••• More

Today on AOL

- Inbox 263
- Unread
- Starred
- Drafts
- Sent
- Spam
- Trash
- ^ Less

Views Hide

- Contacts
- Photos
- Documents
- Unsubscribe
- Receipts
- Credits
- Travel

Folders Hide

- \+ New Folder
- Saved Mail 70
- Abusive Emails
- Archive
- Facebook 13
- Notes
- \> Recovered Mail 25
- Recovered Sent Mail
- SavedIMs

Card

Goldman Sachs

**Apple Card Customer:**
John McGreevey Jr, jdmcgreevey@aol.com

# Your Apple Card account is past due.

As of May 5, 2026, your Apple Card account is 5 days past due. As a result, your account's spending privileges have been suspended. Your past due balance of $25.00 is due immediately.

Be sure to make a payment now. If a payment for your account's past due balance is not received by the end of this month, your Apple Card account's past due status may be reported to the credit reporting agencies by Goldman Sachs Bank USA.

**We're here to help.**

If you are not able to pay your past due balance of $25.00, please contact Apple Card Support so we can discuss a potential payment plan for you.

**To make a payment:**

If you haven't done so already, you can make a payment by going to Apple Card in the Wallet app or manage your Apple Card payments

**Get in touch with an Apple Card Specialist. Available 24/7.**

Chat with a Specialist using the Wallet app

1-877-255-5923

